70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. COLE, Plaintiff-Appellant,
v.
TOMKINS INDUSTRIES, INC., Defendant-Appellee.
 No. 95-3160.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 S.D.Ohio, No. 93-00243; Walter Herbert Rice, District Judge.
 S.D.Ohio
 AFFIRMED.
 Before: LIVELY, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 John W. Cole, who is represented by counsel, appeals a district court judgment dismissing his civil action filed pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621, and likewise dismissing multiple state law claims. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Cole sued Tomkins Industries, Inc. (Tomkins) contending that he was subjected to age discrimination. Specifically, Cole claimed that Tomkins discharged him and replaced him with another individual under forty years of age. Tomkins moved for summary judgment which Cole opposed. The district court granted summary judgment for Tomkins and dismissed the case. In his timely appeal, Cole argues that the district court should not have granted Tomkins's motion for summary judgment as genuine issues of material fact exist which prevent the award of summary judgment to Tomkins.
 
 
 3
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 4
 Upon review, we conclude that the district court properly granted Tomkins's motion for summary judgment. In order to establish a prima facie case of age discrimination, a plaintiff must show that: 1) he was a member of a protected class; 2) he was qualified for the position; 3) he was discharged; and 4) he was replaced by a younger person. See Wilkins v. Eaton Corp., 790 F.2d 515, 520 (6th Cir.1986). If the plaintiff is able to present a prima facie case of age discrimination, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for its actions. Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1329 (6th Cir.1994). If such a reason is articulated, the burden of production shifts to the plaintiff, who retains the burden of persuasion, and who must prove that the proffered reason for the discharge was not the true reason for the employment decision. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1390 (6th Cir.1993) (per curiam).
 
 
 5
 Although Cole established a prima facie case of age discrimination, Tomkins articulated a legitimate non-discriminatory reason for its employment decision. The record establishes that Cole simply did not have the technical training and skills to perform the enhanced job duties of his former position. The person who replaced Cole, although younger, had all the necessary qualifications for the new position. Thus, Tomkins has satisfied its burden of showing a legitimate non-discriminatory reason for its action. Further, Cole has failed to demonstrate that Tomkins's proffered reason was not the true reason for Tomkins's employment decision.
 
 
 6
 Finally, as Cole did not establish a federal claim, the district court properly dismissed Cole's pendent state law claims. See Smith v. Dearborn Fin. Servs., Inc. 982 F.2d 976, 983 (6th Cir.1993).
 
 
 7
 Accordingly, we affirm the district court's judgment.